IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUBRIZOL SPECIALTY PRODUCTS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2915 |
| BAKER HUGHES INCORPORATED, *et al.*, | § § § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

The Patent Trial and Appellate Board ("PTAB") has instituted *inter partes* review ("IPR") of all asserted claims in all of the Patents-in-Suit. The case is now before the Court on the Motion to Stay Pending Decisions on Instituted *Inter Partes* Review Proceedings ("Motion to Stay") [Doc. # 176] filed by Defendants Baker Hughes Incorporated, Baker Petrolite Corporation, and Baker Petrolite LLC (collectively, "Baker Hughes"). Plaintiff Lubrizol Specialty Products, Inc., n/k/a Liquidpower Specialty Products, Inc. ("Lubrizol") filed its Opposition [Doc. # 177], and Baker Hughes filed a Reply [Doc. # 178]. Having reviewed the record and governing legal authorities, the Court **stays and administratively closes** this case pending the PTAB's final decision on all IPR proceedings.

This Court has authority to stay this case pending the *inter partes* review. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) (citing 35 U.S.C. § 318). "District courts typically analyze stays under a three-factor test: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (internal quotations and citation omitted). The Court has the "discretionary prerogative to balance considerations beyond those captured by the three-factor stay test. The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh." *Id.* at 1362. A stay of patent litigation is "particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, 2016 WL 4394485, *2 (E.D. Tex. May 12, 2016) (internal quotations and citation omitted).

With reference to the prejudice factor, Lubrizol argues that it will be prejudiced by a stay because Baker Hughes is its direct competitor. This argument is unpersuasive because it appears from the current record that Baker Hughes is not

currently marketing the allegedly infringing product. The Court finds that neither party will be unduly prejudiced or suffer a clear tactical disadvantage if the case is stayed.

With reference to the second factor, the stay will simplify the issues in question and the trial of the case. The PTAB granted *inter partes* review of all asserted claims in all Patents-in-Suit. If the PTAB ultimately determines that any of the patent claims are invalid or otherwise narrows the scope of any asserted patent claims, the proceedings in this Court will likely be resolved or simplified considerably. *See, e.g., Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 769 (E.D. Pa. 2014) (listing various ways case can be simplified through IPR, including alleviating discovery disputes regarding prior art, case being dismissed if patents are declared invalid, encouraging settlement, and reducing costs). If the PTAB ultimately determines that the validity challenges are without merit, Baker Hughes as the IPR petitioner will not be allowed to argue in this case that the asserted claims are "invalid on any ground that the petitioner raised or reasonably could have raised" during the *inter partes* review process. *See* 35 U.S.C. § 315(e)(2). Regardless of the outcome of the IPR process, this litigation is likely to be simplified. This factor weighs heavily in favor of the stay.

With reference to the timing factor, Lubrizol argues that Baker Hughes unreasonably delayed filing the petitions for *inter partes* review. Baker Hughes filed each of the IPR applications within the one-year period that Congress determined was an adequate period of time for alleged infringers to review and evaluate prior art. *See* 35 U.S.C. § 315(b) (one-year limitation period for IPR application). Baker Hughes moved for a stay promptly after the PTAB instituted *inter partes* review of the asserted claims in each of the Patents-in-Suit. Although the lawsuit has been pending for quite some time, it remains in a fairly early stage. The parties have not provided expert reports nor engaged in expert discovery. Some fact discovery has been conducted, but few depositions have occurred. Dispositive motions have not been filed, and pretrial work has not begun. This factor weighs in favor of a stay.

The Court has also considered the burden litigation places on it and the parties. This lawsuit involves complicated patents. Litigation will be costly, time-consuming, and otherwise burdensome to the parties. The PTAB's IPR process may reduce this burden, and a stay will clearly reduce the burden of proceeding with both the IPR and this lawsuit simultaneously.

The Court finds that a stay of this case pending the completion of the IPR process will provide the Court and the parties with potentially important guidance from the PTAB, will simplify the case, will avoid a needless waste of resources, and

will prevent inconsistent results between the IPR proceedings and this lawsuit. The Court finds also that the significant benefits from the stay outweigh any potential prejudice to either party. As a result, it is hereby

**ORDERED** that Baker Hughes's Motion to Stay [Doc. # 176] is **GRANTED**, and this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending final decisions in the IPR proceedings. It is further

**ORDERED** that counsel shall file a written Joint Status Report on **October 16, 2017**, and every four (4) months thereafter until the IPR proceedings are concluded and this case is reinstated on the Court's active docket.

SIGNED at Houston, Texas, this **23rd** day of **May, 2017.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE