# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LiquidPower Specialty Products Inc. | |
| *Plaintiff*, | Civil Action No. 4:15-cv-02915 |
| v. | |
| Baker Hughes, a GE company, LLC, *et al.*, | JURY |
| *Defendants*. | |

## LSPI'S STATUS REPORT

Pursuant to the Court's Memorandum and Order [Dkt. #179] staying this case "pending the completion of the IPR process" and requiring the parties to periodically file Joint Status Reports "until the IPR proceedings are concluded," LiquidPower Specialty Products Inc. ("LSPI") files this status report.

The IPR process is still ongoing. On October 2, 2017, the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision in IPR2016-00734 finding claims 1–11 (all claims) of U.S. Patent 8,022,118 unpatentable. On November 2, 2017, LSPI filed its Patent Owner's Notice of Appeal of the PTAB's Final Written Decision. The appeal was docketed by the Court of Appeals for the Federal Circuit on November 3, 2017, as Appeal No. 18-1141. The parties have completed the Federal Circuit briefing on the pending appeal. The date of the oral argument has not yet been set, but it is expected to occur in July, August, or September 2018 because the Federal Circuit ordered the parties to provide

notice of scheduling conflicts with the Federal Circuit's scheduled oral argument dates during those months.

On March 30, 2018, the PTAB issued its Final Written Decision in IPR2016-01903 finding claim 3 (the only remaining claim) of U.S. Patent No. 8,426,498 unpatentable. On April 4, 2018, the PTAB issued its Final Written Decision in IPR2016-01901 finding claim 1-5 (all claims) of U.S. Patent No. 8,450,249 unpatentable. On April 4, 2018, the PTAB issued its Final Written Decision in IPR2016-01905 finding claims 1-9 (all claims) of U.S. Patent No. 8,450,250 unpatentable. LSPI has filed motions for rehearing under 37 C.F.R. § 42.71(d) on all three IPRs. These motions for rehearing remain pending at the PTAB, and the PTAB will need to rule on these motions for rehearing before either party may appeal the PTAB's decisions in these cases.

LSPI proposed a joint status report to Baker Hughes, a GE Company, LLC ("Baker") last Tuesday, June 12, 2018, that included the following paragraph:

> "The parties agree that this case should not be re-opened while the motions for rehearing in the IPR proceedings (IPR2016-01903, IPR2016-01901, and IPR2016-01905) remain pending before the PTAB. Once the motions for rehearing have been resolved by the PTAB, the parties will provide the Court with their respective positions on whether this case should remain stayed pending the Federal Circuit appeal(s) of the PTAB decision(s)."

Baker declined to include this paragraph, and it also refused to indicate whether it agreed that the case should remain stayed while the IPR process is ongoing, including through the

Federal Circuit appeals. Instead, it separately filed a status report (taken from a portion of LSPI's draft proposal) without giving notice to LSPI that it would do so.

LSPI sought clarity from Baker on its position because Baker had initially indicated (back on April 10, 2018) that it wanted to re-open the case to proceed on "Baker Hughes's antitrust counterclaims against LSPI and any patent invalidity counterclaims not estopped by the IPR proceedings pursuant to 35 U.S.C. §315(e)." When LSPI asked for clarification of what claims Baker wished to proceed on and what further discovery it would seek, Baker did not provide this information. LSPI also informed Baker that LSPI would oppose any attempt by Baker to re-open the case prematurely for several reasons, including because it would be highly inefficient and contrary to established precedent.

For example, LSPI indicated to Baker that it would be inefficient to proceed in piecemeal fashion on counterclaims that will almost certainly be impacted by one or more of these forthcoming decisions from the Federal Circuit and PTAB. Baker's invalidity counterclaims will be moot if the Federal Circuit does not reverse the PTAB's current decisions. *See, e.g., Fresenius USA, Inc. v. Baxter Intern., Inc.,* 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). Nor does it make sense to proceed on Baker's antitrust counterclaims, which are intertwined with the validity issues being heard by the Federal Circuit. All of these counterclaims are likely to be substantially impacted or mooted by the Federal Circuit's decisions. Courts routinely maintain stays through appeals in such scenarios. *See, e.g., Cutsforth, Inc. v. Westinghouse Air Brake Tech.*, No. 12-1200 (SRN/JSM), Dkt. No. 98 (D.

3

Minn. Jan. 1, 2015) (maintaining stay during appeal of invalidity decisions during IPR); *Medrad, Inc. v. Tyco Healthcare Group*, LP, CIV.A. 01-1997, 2005 WL 3466038, at *3 (W.D. Pa. Dec. 19, 2005) ("[W]e find it the best practice to stay the antitrust counterclaim while plaintiff appeals the ruling invalidating its patent."); *Smithkline Beecham Corp. v. Apotex Corp.*, CIV.A. 00-CV-1393, 2004 WL 1615307, at *9 (E.D. Pa. July 16, 2004) (staying antitrust counterclaims until after the appeal of an invalidity ruling). Moreover, given that LSPI's patent infringement claims will need to be tried if (a) the motions for rehearing are granted or (b) the Federal Circuit reverses the PTAB, it would be inefficient to re-open this case and proceed in piecemeal fashion on counterclaims until the PTAB process is complete, including the appeals.

LSPI further indicated to Baker that its earlier stance contradicts the position that it previously took in *Baker Hughes Inc. v. Nalco Co.,* No. 4:09-cv-1885 (S.D. Tex.), Dkt. No. 126, when it convinced this Court to keep a case involving Baker's patents stayed pending appeal under very similar circumstances. There is no good reason to burden this Court and LSPI with inefficient, piecemeal litigation of Baker's counterclaims, which would likely then have to be re-litigated in any case to account for the Federal Circuit's guidance and rulings. For example, litigating the counterclaims in this Court while the appeal of the PTAB decision proceeds in the Federal Circuit risks inconsistent decisions relating to the same patents. Indeed, Baker previously argued in this case that "[t]here is substantial overlap between invalidity grounds advanced in the pending *inter partes* reviews and those advanced by Baker Hughes in this litigation" when it moved to stay this case. Dkt. No. 176 at 2. That statement is no less true now, as the *inter partes* reviews remain pending at

4

the PTAB and appellate stage. It would be inefficient to proceed on discovery, including depositions, which will need to be taken again if LSPI's infringement claims proceed after the appeals are resolved. And there is no prejudice that Baker would suffer if resolution of its counterclaims occurs after the appeals to the Federal Circuit are resolved.

LSPI believes that there is no serious dispute that this case should remain stayed – at the very least through the resolution of the motions for rehearing that are pending at the PTAB. Because LSPI further believes that the stay should remain in place through the Federal Circuit appeals, LSPI respectfully requests guidance from the Court as to whether it would like briefing from the parties on the stay issue after the PTAB issues its orders on the motions for rehearing.

DATED: June 18, 2018                    Respectfully submitted,

OF COUNSEL:

Elizabeth Stotland Weiswasser
(*pro hac vice*)
elizabeth.weiswasser@weil.com
Eric S. Hochstadt
(*pro hac vice*)
eric.hochstadt@weil.com
Lisa M. Madalone
(*pro hac vice*)
lisa.madalone@weil.com
Joseph D. Adamson
(*pro hac vice*)
joseph.adamson@weil.com
Joanna Schlingbaum
(*pro hac vice*)
joanna.schlingbaum@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (phone)
(212) 310-8007 (fax)

*/s/ Douglas W. McClellan*

WEIL, GOTSHAL & MANGES LLP

Douglas W. McClellan
Attorney-in-Charge
Texas Bar No. 24027488
S.D. Texas No. 393038
doug.mcclellan@weil.com
Melissa Hotze
Texas Bar No. 24049831
S.D. Texas No. 784631
melissa.hotze@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, TX 77002
(713) 546-5000 (phone)
(713) 224-9511 (fax)

*Attorneys for Plaintiff and Counterclaim Defendant LiquidPower Specialty Products Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule LR5.  As such, this motion was served on all counsel who have consented to electronic service, Local Rule LR5.1, on this the 18th day of June, 2018.

/s/ Sandra Wong_____
Sandra Wong
Senior Litigation Paralegal