United States District Court
Southern District of Texas

**ENTERED**

July 27, 2023

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LIQUIDPOWER SPECIALTY PRODUCTS INC., | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-2915 |
| BAKER HUGHES HOLDINGS LLC (f/k/a Baker Hughes, a GE Company, LLC), *et al.*, | § § § § § | |
| Defendants/Counter-Plaintiffs. | | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion for Summary Judgment. (Dkt. No. 235.)

Based on a thorough review of the motion, arguments, and relevant law, the Court

**RECOMMENDS** Plaintiff's motion be **DENIED WITHOUT PREJUDICE**.

### I.      BACKGROUND

Plaintiff LiquidPower Specialty Products, Inc. ("LSPI") brought this Complaint against

Defendants Baker Hughes Holdings LLC (f/k/a, Baker Hughes, a GE Company, LLC), Baker

Petrolite LLC, and Baker Petrolite Corporation (collectively "Baker Hughes") on October 5, 2015.

(Dkt. No. 1.) Plaintiff alleged Defendants infringed on four of Plaintiff's patents concerning

"treatment and efficient pipeline transport of heavy, asphaltenic crude oils." (*Id.*) Defendants

answered the Complaint by asserting defenses and counterclaims that focused on the

---

[1] On May 3, 2023, the District Judge referred the entire case to the undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 26.)

unenforceability of the patents due to inequitable conduct. (Dkt. No. 44.) Specifically, Defendants contend that Plaintiff knowingly submitted a false affidavit to the United States Patent and Trademark Office ("Patent Office") to overcome a patent examiner's rejections. (*Id.*; Dkt. No. 239 at 1.) Defendants then added antitrust counterclaims for *Walker Process* fraud, sham litigation, and attempted monopolization. (Dkt. No. 59.) Later, the Patent Office found the patents to be unpatentable. The Court of Appeals for the Federal Circuit affirmed the Patent Office's decision. Only the antitrust counterclaims remain, since the patents were invalidated, and are the matter to which ongoing discovery pertains.

Plaintiff moves for summary judgment on Defendants' sham litigation claim. (Dkt. No. 235.) Defendants oppose the motion. (Dkt. No. 239.) The Court finds that granting summary judgment is not appropriate at this time.

## II.    LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Rule 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. McCollister*, 671 F. Supp. 2d 884, 887 (S.D. Tex. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the initial burden of identifying the basis for the motion and pointing to materials in the record that demonstrate the absence of a genuine dispute of material fact. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *Celotex Corp.*, 477 U.S. at 322–23; *Austin v. Kroger Tex.,*

*L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). If the movant satisfies the initial burden, the burden shifts to the nonmovant to produce evidence of a genuine factual dispute; he cannot merely rely on the pleadings. *Coastal Agric. Supply, Inc.*, 759 F.3d at 505.

In reviewing a motion for summary judgment, the court may not weigh the evidence or make any credibility determinations. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir. 1996). However, the court must make reasonable factual inferences in favor of the nonmoving party without accepting "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Baird v. Shagdarsuren*, No. 17-CV-2000, 2020 WL 208815, at *3 (N.D. Tex. Jan. 14, 2020) ("[The nonmoving party's] burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (quotations omitted). If the movant satisfies his burden and the nonmovant does not, the court must grant summary judgment. *Baird*, 2020 WL 208815, at *3 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994)).

## III.     DISCUSSION

Plaintiff brings this early motion for summary judgment on the sham litigation and related portions of the attempted monopolization counterclaims. (Dkt. No. 235 at 14.) Plaintiff does not seek early summary judgment on the *Walker Process* fraud counterclaim. (Dkt. No. 241 at 6.) Plaintiff contends that as a matter of law *Walker Process* and sham litigation are independent claims that cannot be based on that same conduct and should not be considered together. (*Id.* at 5–7.) Thus, Plaintiff makes this early motion for the purpose of avoiding unnecessary discovery. (Dkt. No. 235 at 14.)

Sham litigation claims must undergo a two-part inquiry. *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 50 (1993). "First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.* "Only if challenged litigation is objectively meritless may a court" move on to the second step, "the litigant's subjective motivation." *Id.* As for *Walker Process* claims, the Supreme Court held that "antitrust liability may attach" when there is "knowing and willful fraud practiced by [a party] on the Patent Office." *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 179, (1965); *Ritz Camera & Image, LLC v. SanDisk Corp.*, 700 F.3d 503, 505 (Fed. Cir. 2012).

Contrary to Plaintiff's understanding, sham litigation and *Walker Process* claims cannot only be considered simultaneously, but also can be based on the same conduct. In fact, a case that Plaintiff relies on directly states that while it is true that they are "alternative legal theories," "both legal theories may be applied to the same conduct." *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1071 (Fed. Cir. 1998). "Each provides its own basis for depriving a patent owner of immunity from the antitrust laws; either or both may be applicable to a particular party's conduct in obtaining and enforcing a patent." *Id.* The *Nobelpharma* Court expressly disavowed the district court's finding that the "two-part test for a sham is inapplicable to an antitrust claim based on the assertion of a patent obtained by knowing and willful fraud." *Id.*

Thus, as both claims can be based on the same conduct, ruling on the sham litigation before discovery is completed will not spare unnecessary time as Plaintiff contends. Further, Plaintiff states that the *Walker Process* claims "will inevitably require further discovery." (Dkt. No. 241 at 8.) Therefore, as both concepts can be based on the same conduct, it is probable that further discovery will be necessary for the sham litigation claims. Accordingly, the Court recommends that summary judgment not be granted for the sham litigation claim at this time.

4 / 5

## IV.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion for Summary

Judgment (Dkt. No. 235) be **DENIED WITHOUT PREJUDICE.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective

parties who have fourteen days from the receipt thereof to file written objections thereto pursuant

to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written

objections within the time period mentioned shall bar an aggrieved party from attacking the factual

findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk

electronically. Copies of such objections or responses shall be mailed to opposing parties and to

the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on July 27, 2023.

<br>

Sam S. Sheldon
United States Magistrate Judge